David Trantham
Denton County District Clerk
By: Aime Sanchez, Deputy

23-1726-431

CAUSE NO. _____

| | | |
|---|---|---|
| **MATTHEW BRUNNER** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **SYNEOS HEALTH, LLC** | § | **OF DENTON COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

NOW COMES Plaintiff Matthew Brunner, complaining of Defendant, Syneos Health, LLC, and for cause of action would show the Court the following:

### Discovery Control Plan

1. As provided in Rule 190, Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level 2.

### Plaintiff

2. Plaintiff, Matthew Brunner, is an individual whose address is 4005 Chimney Rock Drive, Flower Mound, Texas 75022. The last three digits of Plaintiff's driver's license number are 972. The last three digits of Plaintiff's Social Security number are 650.

### Defendant

3. Defendant, Syneos Health, LLC, is a limited liability company. It can be served with process by serving United Agent Group Inc., its registered agent, by personal delivery at the registered office located at 5444 Westheimer #1000, Houston, TX 77056.

4. This Court has jurisdiction over Syneos Health, LLC because said Defendant conducts business in the State of Texas.

### Venue

5. Venue is proper in this county in that Plaintiff resided in Denton County at the time this cause of action accrued, and venue cannot be established in any other county in Texas.

## Jurisdiction

6.  The damages sought in this suit are within the jurisdictional limits of the Court. As required by Rule 47, Texas Rules of Civil Procedure, Plaintiff states that Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.

## Notice of Claim

7.  Plaintiff delivered written notice of this claim to Syneos Health, LLC on February 2, 2022, advising Syneos Health, LLC in reasonable detail of the specific complaint made the subject of this action and the amount and nature of the damages and expenses sought.

## Notice of Claim

8.  Plaintiff received his Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC") on or about December 29, 2022. *Please see Exhibit A*.

## Facts

9.  On September 25, 2020, Matthew Brunner and Syneos Health, LLC entered into a written contract ("the contract" herein). *Please see Exhibit B*. Plaintiff began his employment with Defendant on October 5, 2020, and the term of the contract was set for two years. Plaintiff was hired to build a new business for Defendant, contracting with Amgen Pharmaceuticals ("Amgen"). Plaintiff personally recruited seven of the initial nine employees from his personal network and built Defendant a sales team within two short weeks.

10.  Approximately eight (8) months into Plaintiff's contract, vaccine mandates became a topic of discussion at Syneos Health, LLC. At this time, Human Resources for Defendant informed Plaintiff that he did not need to report his vaccine status, much less receive the vaccine. On several occasions, Human Resources for Defendant communicated that they would not require its employees to comply with a vaccine mandate. Plaintiff trusted Defendant and relied on their assertions to his detriment when Defendant ultimately disregarded everything they promised and terminated Plaintiff. Based on Defendant's behavior, Plaintiff missed out on other employment opportunities.

11.  Ultimately, Defendant mandated the vaccination but allowed for a religious exemption. Plaintiff submitted a religious exemption which detailed that his religious beliefs did not allow him to receive any vaccine that was tested, derived, or manufactured using cell lines

from aborted fetal tissue (as all 24 of the current/researched vaccines have been developed). Defendant concluded Plaintiff had a sincerely-held religious belief that would exempt him from the vaccination requirement. ***Please see Exhibit C***. A few months later, Defendant, in violation of Title VII of the Civil Rights Act of 1964 and in breach of the Agreement between the parties, revoked Plaintiff's exemption with no valid reason.

12. To further their nefarious behavior towards Plaintiff, Plaintiff learned from his supervisor that Defendant is not paying Plaintiff the 2021 4th quarter Incentive Compensation. It's egregious that Defendant would unlawfully terminate employees and then use that unlawful action to their monetary advantage. The Incentive Comp payout plan requires employees to be employed at the time payout is made on or around February 15, 2022, and Defendant's decision to fire the employees a couple of weeks prior to the payout time is suspicious behavior.

13. Defendant also did not pay Plaintiff's Q4 2020 management bonus last year, which clearly demonstrates an unseemly pattern of business practice. Plaintiff joined the company on October 5, 2020, and according to the plan document which Plaintiff received three months after Plaintiff's employment began, Plaintiff did not qualify for the bonus since Plaintiff was not working for the company on October 1, 2020, of that year. This position was in direct conflict with Plaintiff's employment contract, which detailed the bonus without the stipulated time period that was relayed to him three months after he performed his job.

14. The decision made against Plaintiff was not based on anything other than appeasing a political narrative that disregards religious freedom. Plaintiff did not meet in person with customers, and all engagement was virtual. It was easy and without any necessary changes in Plaintiff's work duties to accommodate his sincerely held religious belief. Instead, Defendant made the conscious decision to ignore the law and directly attack Plaintiff's religion. It is clear that Defendant used the threat of termination to force employees to abandon their religious beliefs or practice and when Plaintiff refused, he was terminated as punishment.

15. It's evident that Plaintiff's "non-compliance" with the vaccine mandate led to him being terminated. There certainly were no performance issues; to the contrary, Plaintiff delivered well beyond Amgen's success metrics for the team, and the 100% Incentive Comp paychecks reflected that excellent performance for three straight quarters. Terminating rather than

accommodating Plaintiff gives rise to claims of both denials of accommodation and discriminatory discharge.

## Breach of Contract

16.  A valid contract exists between Plaintiff and Defendant.

17.  Matthew Brunner has fully performed all obligations under the contract.

18.  Defendant breached the contract by failing to pay Plaintiff the earned Q4 2020 and Q4 2021 Incentive Compensation bonus.

19.  Plaintiff sustained damages as a result of Defendant's breach of the contract.

## Negligent Misrepresentation

20.  Defendant made false representations of material facts to Plaintiff in the regular course of Defendant's business, profession or employment, or in the course of a transaction in which Defendant has a pecuniary interest.

21.  The representations Defendant made were false.

22.  Defendant made these false representations to Plaintiff without exercising reasonable care or competence in obtaining or communicating the information.

23.  Defendant made these false representations with the intention that Plaintiff act on such representations.

24.  Plaintiff did in fact rely on such false representations.

25.  As a result of Defendant's negligent representation, Plaintiff has been damaged, for which Plaintiff requests judgment.

## Discrimination Pursuant to Texas Labor Code § 21.051(1) and (2)

26.  Plaintiff is the "Complainant" within the meaning of the Texas Labor Code § 21.002(4) and belongs to a protected class under the statute, namely his religion is Catholic.

27.  Defendant is an employer within the meaning of the Texas Labor Code § 21.002(8).

28.  Defendant engaged in discrimination against Plaintiff by taking unlawful employment actions against him when Defendant revoked Plaintiff's approval for a religious

exemption without explanation and a meaningful review process by Defendant. Subsequently, Plaintiff was terminated after refusing to abandon his religious beliefs and obtain the COVID-19 vaccine.

29. As a result of Defendant's violations of the Texas Labor Code, Plaintiff has suffered and will continue to suffer severe mental anguish and emotional distress. Thus, Plaintiff is entitled to reimbursement of wages, compensatory damages, reasonable attorney's fees, costs, and disbursements incurred in this action.

## Violation of Title VII of the Civil Rights Act

30. Plaintiff is an employee within the meaning of the Title VII of the Civil Rights Act of 1964 § 701(f).

31. Defendant is an employer within the meaning of the Title VII of the Civil Rights Act of 1964 § 701(b).

32. Defendant engaged in discrimination against Plaintiff by taking unlawful employment actions against him when Defendant revoked Plaintiff's approval for a religious exemption without explanation and a meaningful review process by Defendant. Subsequently, Plaintiff was terminated after refusing to abandon his religious beliefs and obtain the COVID-19 vaccine.

33. Defendant's actions limited Plaintiff by depriving him of employment opportunity adversely affecting his terms, conditions and privileges of employment in violation of Title VII of the Civil Rights Act of 1964 § 703(a)(1) and (a)(2).

## Intentional Infliction of Emotional Distress

34. Defendant's actions and conduct alleged above were extreme and outrageous, were intentionally or recklessly done by Defendant, and resulted in severe emotional distress to Plaintiff, in violation of the laws of the State of Texas.

35. Defendant's actions were willful and malicious and made with reckless indifference to the Plaintiff's rights, and no alternative cause of action would provide a remedy for the severe emotional distress caused by Defendants.

## Agency

36. If it is shown that at and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of Defendant, those acts occurred within the scope of the actual or apparent authority of such person on behalf of said Defendant.

37. Said Defendant is therefore liable to Plaintiff for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

## Noneconomic Damages

38. As a result of Defendant's conduct, Plaintiff suffered noneconomic damages as defined in Section 41.001, Texas Civil Practice and Remedies Code, for which Plaintiff requests judgment.

## Economic Damages

39. As a result of Defendant's conduct, Plaintiff suffered economic damages as defined in Section 41.001, Texas Civil Practice and Remedies Code, for which Plaintiff requests judgment.

## Attorney's Fees and Costs

40. Plaintiff requests judgment for reasonable attorney's fees and costs under Sections 37.009 and Chapter 38, Texas Civil Practice and Remedies Code.

## Alternative Pleadings

41. As provided in Rule 48, Texas Rules of Civil Procedure, claims for relief made in this petition are presented in the alternative when necessary to preserve such claim.

## Jury Demand

42. Plaintiff hereby requests a jury trial.

## Initial Disclosures

43. As provided in Rule 194, Texas Rules of Civil Procedure, required Initial Disclosures of all items listed in Rule 194.2 must be made at or within 30 days after the filing of the first answer unless a different time is set by the parties' Agreement or court order.

44. Plaintiff asks the Court to keep the requirement of Initial Disclosures to be made within 30 days.

## Prayer

Plaintiff prays that citation be issued commanding Defendant to appear and answer herein and that Plaintiff be awarded judgment against Defendant for the relief requested herein and for all other relief to which Plaintiff is entitled both in equity and at law.

Respectfully submitted,

The Fulton Law Group PLLC
7676 Hillmont Street, Suite 191
Houston, Texas 77040
Tel: (713) 589-6964

By: _____ /s/ Kevin Fulton _____

Kevin Fulton
State Bar No: 24059787
Chris Carmona, Of Counsel
State Bar No. 24072022
E-mail: kevin@fultonlg.com
Attorney for Plaintiff, Matthew Brunner

Exhibit A

Matthew Brunner
c/o Kevin Fulton
**FULTON STRAHAN LAW GROUP, PLLC**
7676 Hillmont St #191
Houston, TX 77040

## NOTICE OF DISMISSAL AND RIGHT TO FILE CIVIL ACTION

### Matthew Brunner v SYNEOS HEALTH

| TWCCRD Charge Number | EEOC Charge Number | TWCCRD Representative |
|---|---|---|
| 1A22617 | 31C-2022-00610 | Alex Stewart |

The Civil Rights Division has dismissed this Charge and is closing its file for the following reason:

[ ]    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the TWCCRD.

[ ]    Your allegations did not involve a disability that is covered by the Americans with Disabilities Act or the Texas Labor Code, Chapter 21.

[ ]    The Responding Party employs less than the required number of employees or not otherwise covered by the statutes.

[ ]    We cannot investigate your charge because it was not filed within the time limits required by law.

[ ]    Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]    While reasonable efforts were made to locate you, we were not able to do so.

[ ]    You had 30 days to accept a reasonable settlement offer that afforded full relief for the harm you alleged. You failed to accept the full relief.

[ ]    The TWCCRD issues the following determination: Based upon its investigation, the TWCCRD is unable to conclude that the information obtained establishes any violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

**[X]    Other: Notice of Right to File Civil Action requested by Charging Party's legal representative.**

Exhibit A

DocuSign Envelope ID: ...

TWCCRD: 1A22617                    Matthew Brunner v SYNEOS HEALTH                                    2
EEOC: 31C-2022-00610

## NOTICE OF RIGHT TO FILE CIVIL ACTION

Pursuant to Sections 21.208, 21.252 and 21.254 of the Texas Labor Code, as amended, this notice is to advise you of your right to bring a private civil action in state court in the above referenced case. **PLEASE BE ADVISED THAT YOU HAVE SIXTY (60) DAYS FROM THE RECEIPT OF THIS NOTICE TO FILE THIS CIVIL ACTION.** The time limit for filing suit based on a federal claim may be different.

## EEOC REVIEW NOTICE

As your charge was dual filed under Title VII of the Civil Rights Act/Age Discrimination in Employment Act/Americans with Disabilities Act, which are enforced by the U.S. Equal Employment Opportunity Commission (EEOC), you have the right to request an EEOC review of this final decision on your case. **To secure a review, you must request it in writing within fifteen (15) days from the date of the notice.** Send your request to: San Antonio EEOC, 5410 Fredericksburg Road, Suite 200, San Antonio, TX 78229.

On behalf of the Division,

*Venessa Hernandez for Bryan Snoddy*                     12/29/2022
_____                      _____
Bryan Snoddy                                           Date
Division Director

cc:
SYNEOS HEALTH
Patrick Lawler
500 Atrium Drive
Somerset, NJ 08873

Exhibit A

**DocuSign**

## Certificate Of Completion

| | | |
|---|---|---|
| Envelope Id: CD7F75E61C724C70A26F401124973C2D | | Status: Sent |
| Subject: 2022-12-18 Brunner NRTFCA 31C-2022-00610.pdf | | |
| docSeqId: | | |
| docType: | | |
| Source Envelope: | | |
| Document Pages: 2 | Signatures: 1 | Envelope Originator: |
| Certificate Pages: 5 | Initials: 0 | Venessa Hernandez |
| AutoNav: Enabled | | 101 E. 15th Street, Room 0154-B |
| EnvelopeId Stamping: Enabled | | Austin, TX  78778 |
| Time Zone: (UTC-06:00) Central Time (US & Canada) | | venessa.hernandez@twc.texas.gov |
| | | IP Address: 204.65.0.20 |

## Record Tracking

| | | |
|---|---|---|
| Status: Original | Holder: Venessa Hernandez | Location: DocuSign |
|     12/29/2022 9:42:07 AM |     venessa.hernandez@twc.texas.gov | |
| Security Appliance Status: Connected | Pool: StateLocal | |
| Storage Appliance Status: Connected | Pool: Texas Workforce Commission- Production Account | Location: DocuSign |

| Signer Events | Signature | Timestamp |
|---|---|---|
| Venessa Hernandez for Bryan Snoddy | *Venessa Hernandez for Bryan Snoddy* | Sent: 12/29/2022 9:56:35 AM |
| venessa.hernandez@twc.texas.gov | | Viewed: 12/29/2022 9:56:46 AM |
| Administrative Assistant | | Signed: 12/29/2022 9:56:51 AM |
| Texas Workforce Commission | | |
| Security Level: Email, Account Authentication (None) | Signature Adoption: Pre-selected Style | |
| | Using IP Address: 204.65.0.20 | |
| Electronic Record and Signature Disclosure: | | |
|    Not Offered via DocuSign | | |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|
| Kevin Fulton | **VIEWED** | Sent: 12/29/2022 9:56:53 AM |
| Kevin@fultonstrahan.com | | Viewed: 12/29/2022 11:42:43 AM |
| Security Level: Email, Account Authentication (None) | | |
| | Using IP Address: 99.145.9.141 | |
| Electronic Record and Signature Disclosure: | | |
|    Accepted: 12/29/2022 11:42:43 AM | | |
|    ID: 616bacbc-5a64-4f7e-8a40-49922261d97a | | |
| Patrick Lawler | | Sent: 12/29/2022 9:56:54 AM |
| Patrick.lawler@syneoshealth.com | | |
| Security Level: Email, Account Authentication (None) | | |
| Electronic Record and Signature Disclosure: | | |
|    Accepted: 5/27/2022 9:55:48 AM | | |
|    ID: 2decb346-b74f-4fb2-b70e-31d1f8159ffd | | |

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| Lynda Pringle | **COPIED** | Sent: 12/29/2022 9:56:53 AM |
| lynda.pringle@twc.texas.gov | | |
| Investigator | | |
| Texas Workforce Commission | | |
| Security Level: Email, Account Authentication (None) | | |
| **Electronic Record and Signature Disclosure:** | | |
|     Not Offered via DocuSign | | |

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 12/29/2022 9:56:35 AM |
| Signing Complete | Security Checked | 12/29/2022 9:56:51 AM |

| Payment Events | Status | Timestamps |
|---|---|---|

**Electronic Record and Signature Disclosure**

Electronic Record and Signature Disclosure created on: 3/30/2023 1:36:32 PM
Parties agreed to: Kevin Fulton, Patrick Lawler

Case 4:23-cv-00287 Document 1-1 Filed 04/03/23 Page 12 of 17 PageID #: 54
Case 4:23-cv-00287 Document 1-1 Filed 04/03/23 Page 15 of 32 PageID #: 20

Exhibit A

## ELECTRONIC RECORD AND SIGNATURE DISCLOSURE

From time to time, Carahsoft obo Texas Workforce Commission (we, us or Company) may be required by law to provide to you certain written notices or disclosures. Described below are the terms and conditions for providing to you such notices and disclosures electronically through the DocuSign system. Please read the information below carefully and thoroughly, and if you can access this information electronically to your satisfaction and agree to this Electronic Record and Signature Disclosure (ERSD), please confirm your agreement by selecting the check-box next to 'I agree to use electronic records and signatures' before clicking 'CONTINUE' within the DocuSign system.

## Getting paper copies

At any time, you may request from us a paper copy of any record provided or made available electronically to you by us. You will have the ability to download and print documents we send to you through the DocuSign system during and immediately after the signing session and, if you elect to create a DocuSign account, you may access the documents for a limited period of time (usually 30 days) after such documents are first sent to you. After such time, if you wish for us to send you paper copies of any such documents from our office to you, you will be charged a $0.00 per-page fee. You may request delivery of such paper copies from us by following the procedure described below.

## Withdrawing your consent

If you decide to receive notices and disclosures from us electronically, you may at any time change your mind and tell us that thereafter you want to receive required notices and disclosures only in paper format. How you must inform us of your decision to receive future notices and disclosure in paper format and withdraw your consent to receive notices and disclosures electronically is described below.

## Consequences of changing your mind

If you elect to receive required notices and disclosures only in paper format, it will slow the speed at which we can complete certain steps in transactions with you and delivering services to you because we will need first to send the required notices or disclosures to you in paper format, and then wait until we receive back from you your acknowledgment of your receipt of such paper notices or disclosures. Further, you will no longer be able to use the DocuSign system to receive required notices and consents electronically from us or to sign electronically documents from us.

## All notices and disclosures will be sent to you electronically

Unless you tell us otherwise in accordance with the procedures described herein, we will provide electronically to you through the DocuSign system all required notices, disclosures, authorizations, acknowledgements, and other documents that are required to be provided or made available to you during the course of our relationship with you. To reduce the chance of you inadvertently not receiving any notice or disclosure, we prefer to provide all of the required notices and disclosures to you by the same method and to the same address that you have given us. Thus, you can receive all the disclosures and notices electronically or in paper format through the paper mail delivery system. If you do not agree with this process, please let us know as described below. Please also see the paragraph immediately above that describes the consequences of your electing not to receive delivery of the notices and disclosures electronically from us.

**How to contact Carahsoft obo Texas Workforce Commission:**

You may contact us to let us know of your changes as to how we may contact you electronically, to request paper copies of certain information from us, and to withdraw your prior consent to receive notices and disclosures electronically as follows:
To contact us by email send messages to: heather.hall@twc.state.tx.us

**To advise Carahsoft obo Texas Workforce Commission of your new email address**

To let us know of a change in your email address where we should send notices and disclosures electronically to you, you must send an email message to us at  and in the body of such request you must state: your previous email address, your new email address.  We do not require any other information from you to change your email address.

If you created a DocuSign account, you may update it with your new email address through your account preferences.

**To request paper copies from Carahsoft obo Texas Workforce Commission**

To request delivery from us of paper copies of the notices and disclosures previously provided by us to you electronically, you must send us an email to  and in the body of such request you must state your email address, full name, mailing address, and telephone number. We will bill you for any fees at that time, if any.

**To withdraw your consent with Carahsoft obo Texas Workforce Commission**

To inform us that you no longer wish to receive future notices and disclosures in electronic format you may:

Case 4:23-cv-00287-SDJ   Document 1-3   Filed 04/03/23   Page 14 of 17 PageID #: 56
Case 4:23-cv-00287   Document 1-1   Filed 04/03/23   Page 17 of 32 PageID #: 22
Exhibit A

i. decline to sign a document from within your signing session, and on the subsequent page, select the check-box indicating you wish to withdraw your consent, or you may;

ii. send us an email to heather.hall@twc.state.tx.us and in the body of such request you must state your email, full name, mailing address, and telephone number. We do not need any other information from you to withdraw consent.. The consequences of your withdrawing consent for online documents will be that transactions may take a longer time to process..

**Required hardware and software**

The minimum system requirements for using the DocuSign system may change over time. The current system requirements are found here: https://support.docusign.com/guides/signer-guide-signing-system-requirements.

**Acknowledging your access and consent to receive and sign documents electronically**

To confirm to us that you can access this information electronically, which will be similar to other electronic notices and disclosures that we will provide to you, please confirm that you have read this ERSD, and (i) that you are able to print on paper or electronically save this ERSD for your future reference and access; or (ii) that you are able to email this ERSD to an email address where you will be able to print on paper or save it for your future reference and access. Further, if you consent to receiving notices and disclosures exclusively in electronic format as described herein, then select the check-box next to 'I agree to use electronic records and signatures' before clicking 'CONTINUE' within the DocuSign system.

By selecting the check-box next to 'I agree to use electronic records and signatures', you confirm that:

- You can access and read this Electronic Record and Signature Disclosure; and
- You can print on paper this Electronic Record and Signature Disclosure, or save or send this Electronic Record and Disclosure to a location where you can print it, for future reference and access; and
- Until or unless you notify Carahsoft obo Texas Workforce Commission as described above, you consent to receive exclusively through electronic means all notices, disclosures, authorizations, acknowledgements, and other documents that are required to be provided or made available to you by Carahsoft obo Texas Workforce Commission during the course of your relationship with Carahsoft obo Texas Workforce Commission.

Exhibit B

# Syneos Health™

500 Atrium Drive
Somerset, NJ 08873

September 24, 2020

Matthew W. Brunner
3095 Colley Lane
Escondido, CA 92025

Dear Matthew,

It is my pleasure to extend to you an offer of employment with Syneos Health US, Inc. (the "Company"). Your business title will be National Business Director. You will be assigned to the Amgen 510 project, reporting to John Gilbert. Your expected start date is October 5, 2020.

Your bi-weekly pay rate will be $8,269.24, annualized to $215,000.00, payable in accordance with the Company's regular payroll practices and subject to applicable taxes and withholdings.

Below is a list of the benefits you are eligible for as an employee of Syneos Health:

- You will be eligible to participate in the Company's annual bonus program with an annual targeted bonus payout of $60,000.00. Any bonus award will be pro-rated based on your start date. Bonus awards are discretionary and based on factors including achievement of business and individual objectives. You must be employed by the Company at the time of any payout or grant, as applicable, to be eligible to receive any award. Participation is subject to the terms of the bonus plan, and the Company reserves the right to modify or terminate its compensation programs at any time within its discretion.

- You are eligible for the Company's Discretionary PTO policy. There is no pre-determined number of PTO days annually. You have the flexibility to take PTO time as needed with your manager's approval.

- You will be eligible for paid company holidays in 2020.

- You will receive a car allowance of $600 per month, less all mandatory deductions, to cover vehicle lease/purchase, insurance, and maintenance expenses. The car allowance is paid out in your bi-weekly paycheck. In addition, you will receive business mileage reimbursement at a rate of $0.21 per mile.

- In addition, your compensation package includes the following: Eligibility for health, dental and vision coverage, 401(k) plan and basic life, accidental death and dismemberment, short term disability, and long term disability insurance coverage, subject to plan terms.

Please be aware that this offer of employment is contingent upon the following:

- The successful results of a background investigation. You will receive an email from First Advantage containing important instructions for completing this investigation. First Advantage will also require that you electronically sign a consent form for the purpose of the background check.

- Successfully passing a drug abuse screening. Please watch for an email from your HR Advisor, Kate Bennett, which will contain your chain of custody form and a link so you can find the nearest LabCorp or Quest Diagnostics location to you. If you have not received these e-mails within 12 hours of the receipt of your offer, please reach out to Kate at Kate.Bennett@syneoshealth.com.

- The ability to provide the Company with documentation of your authorization to work in the United States, as required by the Federal Immigration Reform and Control Act (as amended), no later than three (3) days after your first day of employment.

Exhibit B

- Signing and returning the attached Restrictive Covenant Agreement on or before your first day of employment.

Failure to comply with the above and/or providing false or fraudulent information to the Company may result in withdrawal of the offer or termination of employment, if hired.

While we are confident that we will have a mutually beneficial employment relationship, your employment with the Company is on an at-will basis. This means that both you and Syneos can terminate the employment relationship at any time, for any reason, with or without notice. Nothing in this offer letter is intended to or shall be construed as a contract of employment for any fixed time.

The terms and conditions of this offer letter supersede any previous written or verbal representations concerning conditions of employment. This offer of employment is valid for a period of five (5) business days from the date of this offer letter.

Please confirm your acceptance by signing and returning this letter within five (5) business days. By signing this offer letter, you represent that you have reviewed and understand the letter, that you are not subject to any restrictions or covenants that would impede your performance of the duties and responsibilities of your position with inVentiv, and that your employment with Syneos will not violate or conflict with the terms of any employment, non-competition or other agreement with any previous employer or other entity.

Let me close by reaffirming our belief that the skill and background you bring to Syneos will be instrumental to the future success of the Company. Syneos Health believes that the single most important factor in our success has been our people. I look forward to working with you.

Sincerely,

*Jessica Waiculonis*

Jessica Waiculonis
Director, Human Resources
Syneos Health

I accept Syneos Health's offer of employment based on the terms and conditions described in this offer letter.

Signature _____     Date     9 | 25 | 20

 Gmail

Exhibit C

Matt Brunner <mattwbrunner@gmail.com>

---

**wd: Exemption Request Determination**

---

runner, Matthew <matthew.brunner@syneoshealth.com>
): Matt Brunner <mattwbrunner@gmail.com>

Fri, Dec 10, 2021 at 9:23 P

---

Get Outlook for iOS

---

**From:** SM_Leaves-US <Leaves-US@syneoshealth.com>
**Sent:** Wednesday, September 22, 2021 7:39 AM
**To:** SM_Leaves-US
**Subject:** Exemption Request Determination

Hello,

This email is in regards to your current exemption request. Based on your submission, we have concluded you have a sincerely-held religious belief that would exempt you from the vaccination requirement.

Human Resources will partner with your Business Unit to determine if we can provide an accommodation without creating an undue hardship on the Company. We anticipate a determination within 15 business days. We will communicate with you once the review has been completed and a determination is made.

As a reminder, the Company may not be able to provide workplace accommodations to all employees who would otherwise qualify for an exemption to the Company's vaccination requirement.

Syneos Health Human Resources

EMAIL DISCLAIMER NOTICE:
Syneos Health, (the "Company"). This email and any files transmitted may contain information that is privileged, confidential and exempt from disclosure and is intended solely for the intended recipient. If you received this email in error, please inform the sender and delete it. This email neither constitutes an agreement to conduct transactions by electronic means nor creates any legally binding contract or enforceable obligation in the absence of a fully signed written contract. Any views or opinions expressed are solely those of the author and do not necessarily represent those of the Company. Although the Company has taken reasonable precautions to ensure no viruses are present in this email, the Company cannot accept responsibility for any loss or damage arising from the use of this email or attachments.